Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-11-00053-CR

Peter H. **EGGERT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 918014
Honorable H. Paul Canales, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  November 7, 2012

AFFIRMED AS MODIFIED

A jury found appellant, Peter H. Eggert, guilty of driving while intoxicated.  The trial court sentenced appellant to community supervision.  We affirm the judgment as modified.

### BACKGROUND

Officer Patrick Navarijo stopped appellant for speeding at approximately 2:00 a.m. on March 5, 2005.  Appellant pulled over to the side of the road in a timely manner.  After stopping, appellant immediately got out of his vehicle and approached the officer's patrol car.  According

to Officer Navarijo's testimony, he found it unusual for a suspect to approach a patrol car and he also stated he believed appellant approached the patrol car in a very "agitated" fashion. Officer Navarijo testified he noticed appellant's eyes were bloodshot, his face was a flushed red color, and he smelled of alcohol. Officer Navarijo testified that because of "[t]he odor of alcohol on his breath and his attitude," he asked appellant if he had been drinking to which appellant replied, "no."

Shortly thereafter, appellant walked back to his car to get his insurance information. When appellant opened the door, Officer Navarijo testified that he noticed several empty bottles of what appeared to be alcohol in appellant's vehicle. Officer Navarijo asked appellant to have a seat in his own vehicle and he then called for backup. Officer Navarijo testified he called for backup due to appellant's attitude stating, "[h]e was argumentative, somewhat confrontational, had a lot of questions."

After the backup officer, Officer Knutson, arrived, Officer Navarijo returned to appellant's vehicle. Officers Navarijo and Knutson both testified they noticed appellant was smoking a cigarette and that appellant's tongue was green, which Officer Navarijo stated he believed was because of a mint or candy used to freshen his breath. Officer Navarijo wrote appellant a ticket for speeding and then asked him whether he wanted to complete any sobriety tests, which appellant refused. Officer Navarijo testified he asked appellant at least once more to complete sobriety tests and appellant continued to refuse. Officer Navarijo then placed appellant under arrest on suspicion of driving while intoxicated. At this point, appellant agreed to perform the sobriety tests, but Officer Navarijo told him it was too late. Officer Navarijo searched and inventoried appellant's vehicle where he found approximately ten bottles of what appeared to be wine and beer.

The stop was recorded by video tape, complete with audio. During the stop, Officer Navarijo went back to his patrol vehicle to record his own statements about appellant's condition and what he had observed. The tape also had audio of Officer Navarijo's statements as he inventoried appellant's car. At trial, the State introduced the video with audio and appellant objected, contending the narrative statements Officer Navarijo made in the tape were inadmissible hearsay. The trial court overruled his objection, admitting the entire video with audio.

## DID THE TRIAL COURT ERR?

In his first issue, appellant asserts the trial court erred in admitting the audio portions of the tape that recorded Officer Navarijo's statements about appellant's condition and Officer Navarijo's narrative about what he found in appellant's vehicle because they were "spoken offense reports" that are inadmissible hearsay. The State concedes the first audio portion was improper, but contends the second audio portion was a properly admitted "present sense impression."

As a general rule, hearsay is inadmissible. *See* TEX. R. EVID. 801(d) (defining hearsay); 802 (hearsay rule). One exception to the general rule is for "present sense impressions," defined as "statement[s] describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." TEX. R. EVID. 803(1). Present sense impressions are deemed more reliable and therefore admissible because they are "non-narrative, off-hand comments made without any thought of potential litigation by a neutral and detached observer without any motive to fabricate, falsify, or otherwise exaggerate his observations." *Fischer v. State*, 252 S.W.3d 375, 383 (Tex. Crim. App. 2008).

The *Fischer* court explained how narrative, on-the-scene recordings of a police officer's observations are not "present sense impressions:"

> [O]n-the-scene observations and narrations of a police officer conducting a roadside investigation into a suspected DWI offense are fraught with the thought of a future prosecution: the police officer is gathering evidence to use in deciding whether to arrest and charge someone with a crime. Calculation and criminal litigation shimmer in the air; the officer is gathering evidence, he is not making an off-hand, non-reflective observation about the world as it passes by.

*Id.* at 384. In concluding the officer's statements[1] were inadmissible, the *Fischer* court stated, "[a]n officer may testify in the courtroom as to what he saw, did, heard, smelled, and felt at the scene, but he cannot substitute or augment his in-court testimony with an out-of-court oral narrative. This calculated narrative in an adversarial setting was a 'speaking offense report.'" *Id.* at 376.

Here, the first narrative from Officer Navarijo was made while he was inside his patrol car waiting for backup and was as follows:

> This gentleman, he uh, his name is Peter Eggert, date of birth 06-29-45. He smells like alcohol. His eyes are bloodshot. His face is flushed. He was unaware of the speed limit out here, where it's posted sixty. Uh, he's already told me that he hasn't had any alcohol to drink, but I smell the alcohol, and he furthermore does not want to do any sobriety tests. I'm gonna write him a ticket and wait for the other officer to arrive, and we're gonna do . . . see if I can get him to do some sobriety tests, I'm gonna ask him for a third time. Mr. Eggert looks mighty nervous now that he's smoking a cigarette.

We believe this is precisely the type of narrative the *Fischer* court considered to be a "speaking offense report" that is not admissible as an exception to the hearsay rule. The recorded factual observations made by Officer Navarijo while investigating appellant were not

---

[1] In *Fischer*, Trooper Martinez dictated comments into his microphone about the defendant during a stop for DWI. Trooper Martinez verbally noted that he had seen a wine opener in appellant's truck, he had noticed there was a strong odor of alcohol on appellant's breath, and also noted that appellant had glassy, bloodshot eyes and "slurred speech." *Fischer*, 252 S.W.3d at 377. Also, Trooper Martinez went back to his patrol car multiple times to record his observations after administering sobriety tests on appellant. After one sobriety test he dictated into his microphone, "[s]ubject has equal pupil size, equal tracking, has a lack of smooth pursuit in both eyes, and has distinct nystagmus at maximum deviation in both eyes. Subject also has onset of nystagmus prior to forty-five degrees in both eyes." *Id.*

the non-reflective observations of a neutral observer that the present sense impression exception is designed to allow. Instead, Officer Navarijo's comments were more analogous to a police report in that they were "on-the-scene observations and narrations of a police officer conducting a roadside investigation" made with the thought of future prosecution in mind. *See id.* at 384. We therefore conclude and the State concedes, the trial court erred in overruling appellant's objection to this audio portion of the video.

The second audio portion appellant argues should been excluded was Officer Navarijo's commentary as he searched and inventoried appellant's vehicle. After placing appellant under arrest and putting him in the back seat of his patrol car, Officer Navarijo turned his personal microphone off. However, once he started the search he turned his personal microphone back on for the purpose of recording his statements while he searched appellant's vehicle. Officer Navarijo dictated:

> I'm going to turn [the microphone] back on real quick. Here's a uh white zinfandel bottle of wine, a bottle opener, a Paulaner premium beer, oh hold on, there's one, two, three, let me go and put all the beers right here, there's a bunch of them. He's also got several pills here. I don't know for what. So just to make sure there's one, two, three, four, five, six, seven, eight, nine, ten, different bottles of alcohol, five of which are wine. I didn't expect to find all this alcohol.

The State argues that this second narrative qualifies as an admissible present sense impression because his statements occurred while the search was ongoing. The State argues that in this portion of the tape Officer Navarijo was simply "describing the events as they happened" and, therefore, his statements "[are] not the same type of reflective narration as described by *Fischer*." We disagree.

Officer Navarijo's narrative during his investigation of appellant's car was not the type of off-hand comment by a detached observer that the present sense impression rule is designed to allow. *See id.* at 383. The *Fischer* court explains that, "the adversarial nature of [an] on-the-

scene investigation of a potential crime is entirely at odds with the unreflective, instinctive comments of a 'street-corner' speaker who was not thinking about the legal consequences of his statements." *Id.* at 385. These types of statements made during an investigation with the thought of future litigation are statements in a setting "that human experience and the law recognizes is brimming with the potential for exaggeration or misstatement." *Id.* at 386. Regardless of whether the statements were made contemporaneously with what Officer Navarijo was observing, he was still conducting an investigation and making these statements for evidentiary use with an eye toward appellant's future prosecution for DWI. *See id.* In fact, Officer Navarijo turned his personal microphone back on for the purpose of recording his narrative statements while he conducted the search. As Officer Navarijo pulled the bottles out of the vehicle, the comments he made about the type, brand, and number were comments made for the purpose of putting together evidence against appellant and, for that reason, were testimonial statements that cannot be considered the "non-narrative, off-hand comments" the present sense impression exception is designed to allow. *See id.* at 383. Therefore, we conclude the trial court erred in admitting this second portion of audio.

## HARM ANALYSIS

The erroneous admission of hearsay is nonconstitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional errors require reversal if they affect a defendant's substantial rights. TEX. R. APP. P. 44.2(b). The erroneous admission of evidence does not affect substantial rights if, after examining the record as a whole, we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In considering the likelihood that the error adversely affected the jury's verdict, appellate courts should consider everything in the record, including

the evidence admitted, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered with other evidence in the case. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). When the erroneous admission of evidence is cumulative of other properly admitted evidence proving the same fact, the erroneous admission is harmless. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (en banc); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref'd) ("It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence.").

Here, in addition to watching and hearing the tape, the jury also heard testimony from both Officer Navarijo and Officer Knutson. Officer Navarijo testified about appellant's agitated attitude and appearance stating, "[h]is eyes were bloodshot. He smelled like alcohol. His face was a flushed red color." Officer Navarijo said that he asked appellant to perform field sobriety tests at least twice. He also testified: "I want to say that one of the—one of the bottles I identified as a beer. I think it was called Paulaner. And there were about five bottles of beer total that were empty and five wine bottles that were empty." Additionally, Officer Knutson testified about appellant's appearance and his refusal to perform field sobriety tests. Further, even without the audio, the jury saw Officer Navarijo pulling numerous bottles from the vehicle. Upon review of the entire record, we determine the error was harmless because both officers testified at trial as to everything Officer Navarijo mentioned in the erroneously admitted portions of the audio tape.

## OPEN CONTAINER ENHANCEMENT

During the punishment phase of trial, the State waived an open container enhancement. However, the judgment states appellant was found guilty of driving while intoxicated—open

container. In his second issue on appeal, appellant argues the trial court erred by including the open container enhancement in the judgment, and the State concedes the error. We agree the trial court erred.

This court has the power to modify incorrect judgments. *See* TEX. R. APP. P. 43.2(b). Accordingly, we modify the written judgment to delete the open container enhancement and reflect that appellant is guilty of the offense of driving while intoxicated.

## CONCLUSION

We conclude the trial court erred in admitting the audio portions of the video tape. However, we conclude the erroneously admitted evidence was cumulative of other evidence. Accordingly, we have fair assurance that the error did not influence the jury, or had but a slight effect and was therefore harmless error. As modified, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

PUBLISH