

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00833-CR

Ramy A. **SISY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR3763
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:   February 19, 2014

AFFIRMED

Ramy Y. Sisy was convicted by a jury of theft of computer equipment and accessories from a bank. On appeal, he challenges two evidentiary rulings made by the trial court in response to hearsay objections. For purposes of this opinion, we will assume that the trial court's rulings were erroneous. Because the evidence about which Sisy complains was cumulative of other evidence admitted to prove the same fact, we affirm the trial court's judgment.

**HARMLESS ERROR STANDARD OF REVIEW**

The erroneous admission or exclusion of evidence is nonconstitutional error governed by rule 44.2(b) of the Texas Rules of Procedure. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.). Under rule 44.2(b), we disregard any error that does not affect substantial rights. TEX. R. APP. P. 44.2(b). Error in the admission or exclusion of evidence does not affect substantial rights and is harmless if the evidence is cumulative of other evidence admitted to prove the same fact. *Infante v. State*, 404 S.W.3d 656, 663 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd); *Lindsay v. State*, 102 S.W.3d 223, 230 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

**DISCUSSION**

In his first issue, Sisy contends the trial court abused its discretion in permitting the investigating officer to testify regarding the bank's internal investigation as follows:

> So they began their own internal investigation within [the bank] and they determined that there was [sic] limited people who had access to the area. So with these items being missing they went ahead and decided to pull the security tapes to see who went in and out, who was maybe taking the items that were missing. And in fact, they did look at the video and did see a person walking in and out of the bank with their property.

The officer then identified Sisy as the person seen in the video.

Even if we assume for purposes of this appeal that the trial court should have sustained the hearsay objection lodged by defense counsel despite the State's assertion that the testimony was not being offered for the truth of the matter asserted, two of the bank's employees, Scott Koehler and Ayman Jaber, testified in greater length regarding the details of the bank's investigation and the video surveillance tapes which showed Sisy removing computer equipment from the bank.

Because the officer's limited testimony was cumulative of the testimony of the bank's employees, any error in admitting the testimony was harmless. *See Infante v. State*, 404 S.W.3d at 663; *Eggert v. State*, 395 S.W.3d at 244.

In his second issue, Sisy contends the trial court erred in excluding copies of two e-mails sent to Sisy by bank employees which established that his contractual relationship with the bank was on-going as of the date of those e-mails. Sisy had been employed by the bank as a computer consultant. Bank employees testified that Sisy's contractual relationship with the bank ended on December 31, 2009. Sisy asserts the e-mails were critical to demonstrate that he was still working for the bank through the third week of January of 2010, when the bank's computer equipment was located in his apartment.[1]

The e-mails about which Sisy complains, however, were cumulative of a bank employee's testimony identifying almost a dozen e-mails that were sent to Sisy in January of 2010.[2] In addition, Sisy testified to receiving these e-mails. Therefore, even if the trial court erred in excluding copies of two of the e-mails, the exclusion was harmless because the copies would have been cumulative of the testimony that was admitted. *See Rangel*, 179 S.W.3d at 70; *Lindsay*, 102 S.W.3d at 230.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[1] Testimony at trial established that Sisy should not have removed the quantity of the bank's computer equipment that was recovered from his apartment at any time during his contractual relationship.

[2] The bank employee testified that the emails were sent to a bank email address which the bank's security report showed had been deleted.