

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00010-CR

LAUREN KAYE HAMMOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 413th District Court
Johnson County, Texas
Trial Court No. F48715, Honorable William C. Bosworth Jr., Presiding

June 5, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Lauren Kaye Hammond, appeals her conviction for possession of a controlled substance (methamphetamine) in an amount of less than one gram,[1] and sentence of two years' incarceration and $7,500 fine. Both the sentences of confinement and fine were suspended with appellant placed on community supervision for a period of five years. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

## Factual and Procedural Background

On June 4, 2014, the Burleson Police Department received several calls referencing a disturbance at a local apartment. One of the calls to the police was made by appellant. When the police arrived, the altercation that had been reported was over and there was no disturbance seen by the officers. Nonetheless, the officers decided to investigate for narcotics. Detective Larry Sparks of the Special Crimes Unit drug task force was called to the location. Upon arriving, Sparks asked appellant if he could search her apartment. Appellant agreed and signed a written consent form for the search.

Officer Brandon Lyman searched the apartment while Sparks stayed in the living room with appellant and her boyfriend, Jeremy Smart. While the search was being conducted, appellant was informed that she was free to move around the apartment. Eventually, Lyman discovered used syringes, digital scales, and two plastic baggies that appeared to contain methamphetamine in the master bedroom closet. Lyman informed Sparks of the discoveries.

Sparks took appellant and Smart into a bedroom, where he asked about the contraband found in the closet. After initially denying any knowledge of the contraband, appellant eventually stated that she could not lie, would "take the rap for the charge," and that her fingerprints would be found on the baggies. Smart told Sparks that he was on parole and that he would fail a drug test if he had to take one.

Sparks decided not to arrest appellant or Smart. He explained that, in all instances where a suspect gives him consent to search the residence, it is not his intent

to arrest anyone unless a large quantity of drugs is located.  This is a policy that he explained to appellant at the time of the search.  Since, in the present case, there was only a small quantity of suspected drugs found, Sparks wanted to wait until the substances could be tested in the laboratory before deciding whether to arrest appellant or Smart.  After the substances were tested, it was determined that both baggies found in the closet contained methamphetamine.  One contained 0.02 grams and the other contained 0.01 grams.  As a result, appellant was indicted for the instant offense.

Prior to trial, the trial court granted the State's motion in limine that required a hearing outside the presence of the jury before any reference to Smart's prior conduct, convictions, or parole status could be presented before the jury.  On the day of trial, appellant's counsel requested a hearing outside of the jury's presence to address the admissibility of Smart's statements to Sparks.  After hearing the issue, the trial court excluded Smart's statements.

Appellant also filed a pre-trial motion in limine that, *inter alia*, sought to prevent any references to her statements to Sparks.  Before trial began, appellant requested a hearing on the admissibility of these statements.  Appellant contended that the statements were the result of a custodial interrogation and that she was not first given her *Miranda* and Texas Code of Criminal Procedure article 38.22 warnings.  After hearing testimony, the trial court ruled that the statements were admissible.

Finally, when asked why he went to appellant's apartment, Sparks testified that some of the individuals that had been involved in the disturbance that led to police being called to the scene indicated that appellant's apartment was a "drug house."  Appellant

3

objected that the statements were hearsay and, therefore, should not be admitted. The trial court overruled appellant's objection but told the State to move on to a different line of questioning.

After hearing all the evidence, the jury returned a verdict finding appellant guilty of the offense of possession of a controlled substance in an amount less than one gram. After hearing punishment evidence, the jury returned a verdict sentencing appellant to two years' incarceration and a $7,500 fine, but recommended that the fine be probated. The trial court accepted the jury's punishment verdict and sentenced appellant to two years' incarceration and a $7,500 fine, but probated both portions of the sentence for a period of five years. The trial court also imposed participation in the SAFPF as a condition of appellant's probation. It is from this conviction and sentence that appellant appeals.

Appellant presents three issues by her appeal. By her first issue, appellant contends that the trial court erred in excluding evidence of the possible criminality of Smart. Appellant's second issue contends that the trial court erred in admitting statements she made in response to custodial interrogation without being afforded her rights under federal and state law. Finally, by her third issue, appellant contends that hearsay evidence was improperly admitted over appellant's timely objection.

Standard of Review for Evidentiary Rulings

Each of appellant's issues on appeal challenge the trial court's admission or exclusion of evidence. A trial court's rulings on admission or exclusion of evidence are reviewed for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex.

4

Crim. App. 2010).  A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement.  *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).  We will sustain the trial court's decision if that decision is correct under any theory of law applicable to the case.  *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc).

### Issue One: Exclusion of Smart's Statements

By her first issue, appellant contends that the trial court erred in excluding evidence about Smart's statements to Sparks that Smart was on parole and would not be able to pass a drug test.  Appellant contends that Smart's statements constitute statements against interest and, therefore, are an exception to the hearsay rule.  The State responds contending that Smart's statements were hearsay that did not meet the statement against interest exception.  Further, the State contends that, even if the trial court erred in excluding this evidence, such error was rendered harmless by appellant's admission that the drugs were hers.

Appellant's first issue challenges the trial court's ruling excluding Smart's statements.  As previously indicated, a trial court's ruling on the exclusion of evidence is reviewed for an abuse of discretion.  *See Martinez*, 327 S.W.3d at 736.  A statement is hearsay if the declarant did not make the statement while testifying and the statement is offered to prove the truth of the matter asserted in the statement.  TEX. R. EVID. 801(d). Hearsay statements are generally not admissible.  *See* TEX. R. EVID. 802.  One exception to the hearsay rule is when the statement is such that a reasonable person in the declarant's position would only have made the statement if it were true because,

5

when made, it exposed the declarant to criminal liability. *See* TEX. R. EVID. 803(24)(A). When such a statement against interest is offered in a criminal case, the statement must also be supported by corroborating circumstances that clearly indicate its trustworthiness. *See* TEX. R. EVID. 803(24)(B).

There is no dispute that Smart's statements constituted hearsay. Rather, during the hearing addressing the admissibility of those statements, appellant contended that Smart's statements, combined with the fact that he occasionally lived at the apartment and had clothing in the closet where the drugs were found, were sufficiently corroborated by the circumstances to establish the statement against interest exception. However, Smart's statements that he was on parole and would not pass a drug test were not corroborated by the discovery of methamphetamine in appellant's closet. Smart's statements indicate only that he used methamphetamine at some time close to when he made the statements. The discovery of drugs in appellant's closet does not corroborate Smart's claim that he violated the terms of his parole by using drugs.

However, even were we to assume that the trial court erred in excluding Smart's statements, such error is harmless. For nonconstitutional error to be reversible, it must affect the substantial rights of the defendant. *See* TEX. R. APP. P. 44.2(b). A criminal conviction cannot be overturned for nonconstitutional error if the appellate court, after examining the entire record, has fair assurance that the error did not influence the jury or had but a slight effect. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

Smart's statements' only relevance in this case relate to whether he was the person that actually possessed the drugs. However, appellant admitted that she

6

possessed the drugs. Appellant's admission is bolstered by the fact that the drugs were found in her apartment, in her closet, in areas of the closet that contained her personal property. Further, the drugs were found within appellant's personal property. By contrast, Smart only admitted to using drugs at some recent time. He never admitted to using the drugs that were found in the closet and certainly never admitted possessing those drugs. Consequently, if the trial court's exclusion of Smart's statements was in error, such error had a negligible effect on the jury's verdict. *See id*.

Because our review of the record fails to establish that the trial court erred in excluding the hearsay statements Smart made to Sparks and because, even if we assume that the exclusion was error, the error was harmless, we overrule appellant's first issue.

### Issue Two: Admission of Appellant's Statements

By her second issue, appellant contends that the trial court erred in admitting statements she made to Sparks that were the result of custodial interrogation without the procedural safeguards of *Miranda* warnings or those identified in article 38.22 of the Texas Code of Criminal Procedure. The State responds by contending that the statements made by appellant were not the result of custodial interrogation and, therefore, did not require the procedural safeguards.

Appellant's second issue challenges the trial court's ruling admitting evidence which, as previously addressed, is reviewed under an abuse of discretion standard. *See Martinez*, 327 S.W.3d at 736. When a trial court's ruling is based on an evaluation of credibility or demeanor and there is support in the record for the ruling, we must give

7

almost total deference to that ruling. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc). However, when such rulings are not based on an evaluation of credibility and demeanor, we review the ruling *de novo. Id.*

Appellant's second issue is focused on whether her statements were the result of custodial interrogation. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). A person is in custody only when, under the circumstances, a reasonable person would believe that his freedom of movement has been restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). Generally, a person is placed in custody when (1) there is a significant deprivation of freedom, (2) law enforcement tells him he cannot leave, (3) the situation created by law enforcement leads to a reasonable belief that his freedom of movement has been significantly restricted, or (4) law enforcement has probable cause to arrest and does not tell the person that he is free to leave. *Id.* at 255. When the assessment of custody is based on law enforcement's determination of probable cause to arrest, that probable cause must be manifested to the person placed in custody. *Id.* However, even if probable cause to arrest is manifested to the person, the circumstances must be such that a reasonable person would believe that he is under restraint to the extent associated with an arrest. *Id.* The determination of whether appellant was in custody at the time that she made her challenged statements is determinative of appellant's second issue because the procedural safeguards of *Miranda* and article 38.22 only apply to statements that are the result of custodial

8

interrogation. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014); *Miranda*, 384 U.S. at 444; *Galloway v. State*, 778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

In the present case, the key issue is whether appellant made her statements to Sparks while she was in custody.[2] After Detective Sparks was informed of the discovery of what was suspected to be narcotics in the closet of the master bedroom, he summoned appellant and Smart into the master bedroom. He testified that he probably closed the door to the bedroom prior to interrogating appellant and Smart. According to appellant, Sparks's act of closing the door was sufficient to create a reasonable belief that appellant was not free to leave. Further, appellant contends that Sparks had probable cause for an arrest of her and Smart at the time that he interrogated them in the bedroom and none of the law enforcement officers told them at that time that they were free to leave.

When the totality of the circumstances is considered, we believe the trial court had sufficient evidence to determine that appellant was not in custody when she made the statements that she could not lie, would "take the rap for the charge," and her fingerprints would be found on the baggies. According to Sparks, at the beginning of the search, he told appellant that, due to her providing him consent to search the residence, unless a large quantity of drugs were found, his goal was not to take her to jail that day. After the baggies were discovered, Sparks again told appellant that he had no intention of arresting anybody on that day. We believe that these statements are

---

[2] There is no dispute that appellant's challenged statements were the result of police interrogation.

9

evidence that law enforcement informed appellant that she was not in custody and, therefore, it was not reasonable to believe that appellant was in custody at the time she made the challenged statements. Further, Sparks felt he did not have probable cause to arrest appellant until the contents of the baggies and the possible paraphernalia could be tested to determine whether they contained narcotics.[3] He explained that he did not want to perform field tests on the substances because there was such a small quantity of the substances and the field tests require a considerable amount. Consequently, he had no way of knowing whether the substances were controlled substances or the syringes and scales constituted drug paraphernalia.

Considering the totality of the evidence that was presented to the trial court, we cannot conclude that the trial court abused its discretion in ruling that appellant's statements that she could not lie, would "take the rap for the charge," and her fingerprints would be found on the baggies were admissible. We overrule appellant's second issue.

Issue Three: Admission of Hearsay Statements about the "Drug House"

By her third issue, appellant contends that the trial court erred in admitting hearsay evidence about her apartment being a "drug house." The State responds by contending that the statements were not hearsay because they were not offered to prove the matter asserted and, even if erroneously admitted, were harmless.

---

[3] While it might appear to appellant that law enforcement had probable cause to arrest her when they discovered the baggies in the closet, her subjective knowledge that the baggies contained methamphetamine is not sufficient to establish an objective basis for probable cause. *See Dowthitt*, 931 S.W.2d at 254 (citing and discussing *Stansbury v. California*, 511 U.S. 318, 321, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994) (per curiam)).

10

Appellant's third issue challenges the admission of evidence which, again, is reviewed under an abuse of discretion standard. *See Martinez*, 327 S.W.3d at 736. A statement is hearsay if the declarant did not make the statement while testifying and the statement is offered to prove the truth of the matter asserted in the statement. TEX. R. EVID. 801(d). Because the erroneous admission of hearsay evidence is not constitutional error, to be reversible, the error must affect a substantial right of appellant. *See* TEX. R. APP. P. 44.2(b). A criminal conviction cannot be overturned for nonconstitutional error if the appellate court, after examining the entire record, has fair assurance that the error did not influence the jury or had but a slight effect. *Morales*, 32 S.W.3d at 867.

In her argument, appellant simply asserts that Sparks's testimony that the people who had been involved in the disturbance said that appellant's apartment was a drug house was "obviously" offered for the truth of the matter asserted. The State, however, explains that the statement was offered to explain why Sparks, an investigator with a drug task force, responded to a call about an ordinary disturbance. As such, the statement was not offered to prove the truth of the matter asserted but as an explanation for Sparks's presence.

While we agree with the State that the statement did not constitute hearsay because it was not offered to prove the matter asserted, in an abundance of caution, we will also note that the evidence, even if erroneously admitted, was rendered harmless when substantially similar testimony was offered early in the trial without objection. Officer Lyman testified that the reason that Sparks was contacted was because "[w]e were advised that there was possible narcotic activity inside the house. . . ." Appellant

11

voiced no objection to this testimony. Consequently, appellant's substantial rights were not affected, and any error in the admission of the evidence should be disregarded. *See Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.) (an erroneous admission of evidence is rendered harmless when the same or similar evidence is properly admitted or admitted without objection); *see also* TEX. R. APP. P. 44.2(b).

Concluding that the challenged testimony of Sparks did not constitute hearsay and that, even were we to assume it did, it did not affect appellant's substantial rights, we overrule appellant's third issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.