

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00111-CR

Victor **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 18-05-0132-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: April 7, 2021

AFFIRMED

A jury convicted appellant, Victor Romero, of assault on a family member and burglary of a habitation. During the punishment phase, the trial court admitted into evidence, over Romero's objection, three State exhibits containing certified copies of judgments and corresponding court documents from Romero's 2009 felony offense conviction for assault on a family member (second offense) (exhibit 26), 1999 felony offense conviction for burglary of a vehicle (exhibit 28), and 2004 misdemeanor conviction for family violence assault (exhibit 29).[1]

---

[1] The 1999 and 2009 convictions were used for enhancement purposes in the underlying case.

After Romero pled true to the 1999 and 2009 felony enhancements and witnesses testified, the jury assessed punishment at ninety-nine years' confinement for the assault and twenty-five years' confinement for the burglary. On appeal, Romero asserts the trial court erred by admitting exhibits 26, 28, and 29 in violation of his right to confront the witnesses against him and that the records contained hearsay within hearsay. We affirm.

## CONFRONTATION CLAUSE VIOLATION

Romero argues the three exhibits are records containing testimonial statements that are inadmissible under the Confrontation Clause of the Sixth Amendment to the United States Constitution. However, Romero did not raise a Confrontation Clause objection to exhibits 26 and 28; therefore, he has not preserved this issue for review as to these exhibits. *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) ("Generally, in order to preserve error, there must be a timely and specific objection to the complained-of evidence. Confrontation Clause claims are subject to this preservation requirement.").

As to exhibit 29, Romero objected to the trial court as follows: "And, Your Honor, I also make the same objection with regards to 29. And on that, I'm also alleging hearsay, 404, and lack of confrontation." Although "'hyper-technical or formalistic use of words or phrases' [are not] required in order for an objection to preserve an error, the objecting party must still 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (citation omitted). "In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time." *Id.* "Usually, for a complaint to be obvious without having been explicitly stated and still satisfy the purposes

above, there have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be." *Id.*

Here, counsel made "the same objection [as he made to exhibits 26 and 28] with regards to [exhibit] 29." Counsel's objection to exhibit 26 was "with regards to the stipulations that were attached to it, [he] would object to the admission of the stipulations that were attached to this, because [he did not] believe these should be included as part of the pen packs."[2] The State countered that "it's one continuous document that was provided by the Court. It's in the punishment phase of trial, so the Court's already ruled contextual evidence can be necessary in proving that up. The stipulations are part of the proof of the case, and we have to prove that he was the person committed, and this just goes to the proof of the person convicted in this case." Romero's attorney replied, "I don't see how that can extend beyond the judgment. And you have the judgment and the prints off of that. These others, like 27, have – you know, you have the affidavit, you have the fingerprints, you have the judgment that we have no objection to, but if you start getting into potential hearsay and issues of judge's notes and things like that, that's where we're going to object." Counsel's objection to exhibit 28 was "these are also violations that are listed in the motion to revoke which are included which extend to other bad acts that were alleged but I don't believe were laid out."

The context of Romero's objections to exhibits 26 and 28 revealed his concern that the exhibits included documents that contained hearsay. At no point did he express the concern that either the entirety of or portions of the exhibits violated his right to confront the witnesses against him. Therefore, the statements or actions regarding counsel's objections to exhibits 26 and 28 do

---

[2] PEN packets are records of a person sent to prison after a conviction and are maintained by the Texas Department of Criminal Justice ("TDJC"). *See Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd) (explaining State may establish prior conviction alleged for enhancement purposes by introducing pen packets, which are certified copies of judgments and sentences).

not clearly indicate that the judge and opposing counsel understood the "lack of confrontation" objection to exhibit 29. *See id.*

We also believe "the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Id.* at 340 (citing to TEX. R. APP. P. 44.2(a), (b)). "The court needs to be presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal." *Id.* Here, Romero's counsel did not elaborate on his "lack of confrontation" objection with enough specificity to allow the trial court the opportunity to rule on it and to allow the State to remedy the error. *See id.* Therefore, we conclude Romero has not preserved this issue for review as to exhibit 29.

## HEARSAY OBJECTION

Romero also asserts the trial court erred by admitting the three exhibits as public records because they contain hearsay within hearsay. During the punishment phase of trial, the State called Todd McCrohan, an investigator for the District Attorney's Office, for the purpose of admitting into evidence the PEN packets and the exhibits containing certified judgments to enhance Romero's punishment. McCrohan explained PEN packets generally contain an individual's TDJC number, name, photographs, a copy of the sentence and judgment, and fingerprints. After the State moved to admit exhibits 26, 28, and 29, Romero objected to each. Although he had no objection to the judgment and fingerprints contained in the exhibits, he objected to the stipulations and any judge's notes because they contained potential hearsay not subject to the certified public record hearsay exception. The trial court overruled his objections.

### A. Standard of Review & Applicable Law

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). "Under this standard, the trial

court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

"The erroneous admission of hearsay is non-constitutional error." *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b).

Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). "Hearsay is not admissible unless any of the following provides otherwise: [1] a statute; [2] these rules; or [3] other rules prescribed under statutory authority." *Id.* at 802. One of the exceptions provided under the Rules of Evidence is for public records, which provides that "[a] record or statement of a public office" is not excluded as hearsay if

> (A) it sets out:
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) the opponent fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness.

*Id.* at 803(8).

## B.    Analysis

Exhibits 26, 28, and 29 contained various court documents. Exhibit 26 also contained the San Antonio Police Department's preliminary investigation report, which includes the victim's

statement. Exhibit 28 also contained a motion to revoke probation setting forth the details of Romero's violations of his community supervision. Exhibit 29 also contained a copy of the criminal docket with the judge's notes and a motion to adjudicate guilt and revoke probation that detailed Romero's violations of his community supervision.

Romero argues that the business record exception does not encompass "a matter observed by law-enforcement personnel." *See id.* 803(8)(A)(ii). He also asserts that statements by witnesses do not qualify as public records. *See Kratz v. Exxon Corp.*, 890 S.W.2d 899, 905 n.4 (Tex. App.— El Paso 1994, no writ) ("To qualify under (B), the matters would have to have been observed by the police officer not the witnesses."). Assuming without deciding that the exhibits contained inadmissible hearsay, we next examine the record as a whole to determine whether the error did not influence the jury, or had but a slight effect.

At the start of the punishment phase of trial, Romero pled true to the 2009 felony offense conviction for assault on a family member (second offense) and the 1999 felony offense conviction for burglary of a vehicle. During its opening statement, the State told the jury that Romero was convicted of the 2009 offense because he had been convicted of the 2004 misdemeanor conviction for family violence assault. The State then called McCrohan for the purpose of introducing the PEN packets and exhibits 26, 28, and 29 into evidence. McCrohan did not testify about the contents of any document contained in the exhibits. The State then called Katherine Lewis, the complainant in the underlying case, who testified Romero told her about him beating his wife in 2009 and assaulting another woman in 2004. Lewis also testified about the times Romero threatened and/or assaulted her. Next, Cynthia Aguero, a friend of Romero's, testified he was a good person. Although both the State and Romero's counsel mentioned the past assaults, neither the contents of the PEN packets nor the contents of the exhibits were mentioned. After examining

the record as a whole, we have fair assurance that the error, if any, did not influence the jury, or had but a slight effect, when determining Romero's sentence.

## CONCLUSION

We conclude Romero did not preserve his first issue for our consideration and we overrule his second issue. Accordingly, we affirm the trial court's judgment.

Lori I. Valenzuela, Justice

Do not publish