

# NUMBER 13-23-00288-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CARLOS ALFONSO CAMPOS,                          Appellant,

v.

THE STATE OF TEXAS,                               Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 8
## OF BEXAR COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant Carlos Alfonso Campos appeals his conviction for driving while intoxicated (DWI) with an alcohol concentration level of 0.15 or more (blood-alcohol content (BAC) 0.15 per 100 milliliters of blood), a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(d). On appeal, Campos's sole issue is that the evidence is insufficient

to support a conviction for DWI with BAC of 0.15 or higher. The State agrees and asks that we affirm and modify the judgment to reflect a conviction for DWI under Texas Penal Code § 49.04(b), a class B misdemeanor. We affirm as modified.

## I. BACKGROUND[1]

Campos was charged by information with the offense of DWI with BAC of 0.15 or higher, a class A misdemeanor. *See id*. The trial court conducted a bench trial, at the beginning of which the information was read into the record as follows: "[Campos] did operate a motor vehicle in a public place while intoxicated, against the peace and dignity of the State." At the close of evidence, the trial court found Campos guilty, stating as follows: "after considering the evidence, testimony and argument from counsel [the trial court] find[s] [Campos] guilty of the offense of driving while intoxicated as a first offense."

At sentencing, the State argued that Campos should be sentenced to forty-five days' confinement and referred to Campos's BAC in support. Defense counsel responded as follows: "I would object to the [S]tate talking about blood results because they were not entered into the Court and he was found guilty on a class B misdemeanor." Agreeing with defense counsel's sentencing recommendation, the trial court sentenced Campos to eighteen days' confinement in the Bexar County Jail, with credit for eighteen days served, but entered a judgment of conviction reflecting that Campos was convicted of "DWI W/BAC 0.15 OR HIGHER." This appeal followed.

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

## II. DISCUSSION

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth."). The totality of the record shows that Campos was found guilty and sentenced for DWI, first offense, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(b). The State concedes that it provided no evidence to satisfy the elements of the class A misdemeanor offense of DWI with BAC of 0.15 or higher. *See id.* § 49.04(d).

Because the record shows that Campos was convicted and sentenced for a class B misdemeanor, and because Campos does not otherwise challenge the sufficiency of the State's evidence as to the unenhanced DWI, we modify the trial court's judgment to delete all references to "DWI W/BAC 0.15 OR HIGHER" and to reflect a conviction for DWI under Texas Penal Code § 49.04(b). *See Eggert v. State*, 395 S.W.3d 240, 245 (Tex. App.—San Antonio 2012, no pet.) (affirming DWI conviction and modifying the written judgment to delete an open container enhancement); *see also Reich v. State*, No. 11-18-00355-CR, 2020 WL 7034631, at *3 (Tex. App.—Eastland Nov. 30, 2020, no pet.) (mem. op., not designated for publication) (affirming conviction for DWI and modifying the written judgment to reflect a conviction for DWI, first offense, as opposed to DWI, second offense).

### III.    CONCLUSION

We affirm the trial court's judgment as modified.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of August, 2024.

4