

# NUMBER 13-23-00023-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GILBERT ALFRED CARREON, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

## ON APPEAL FROM THE 198TH DISTRICT COURT
## OF BANDERA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant Gilbert Alfred Carreon appeals his conviction for burglary of a habitation with the intent to commit a felony, namely, aggravated assault with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 30.02(a)(1), 22.02. After making an affirmative deadly-weapon finding, the jury sentenced Carreon to twenty-eight years'

imprisonment. By three issues, which we restate and reorganize as two, Carreon argues that (1) the trial court erred in admitting the firearm into evidence, and (2) there is insufficient evidence to support the trial court's restitution order. We affirm.

## I.    BACKGROUND[1]

In a one-count indictment, Carreon was charged with burglary of a habitation with the intent to commit a felony, namely, aggravated assault with a deadly weapon. *See id.* §§ 30.02(a)(1), 22.02. The indictment further alleged that Carreon committed the offense with a deadly weapon.

The evidence adduced at trial shows that on April 17, 2021, Carreon was visiting the house belonging to his half-sister Valarie Chavez and her husband, Mario Chavez. Carreon's son and the Chavez's son were also at the house. At some point, while Carreon was outside with his son and the Chavez's son, he entered the home and attacked Mario, "pull[ed] a gun," threatened Mario, and fired the gun in the ceiling. After the boys came in through the back door, Mario and the others managed to push Carreon out of the house, and Mario told him to "get the hell off . . . . the property." Carreon then beat on the locked front door and yelled. Mario testified that Carreon said multiple times that he was going to kill him and told Valarie that he was going to "ice [her] husband."

Mario called 911, retrieved a shotgun, and had his wife and the two boys hide in the bathroom. Carreon banged on the doors, attempted to enter the house, and made "the same threats that he is going to kill [Mario]." Carreon kicked down the front door and

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

"started hollering the same thing, [and] fires two more shots in the kitchen up through the ceiling." Mario warned Carreon not to enter the bedroom where he and the others were hiding, warning him "[d]o not come in this bedroom, because you are not going to like it." Carreon kicked open the bedroom door, Mario fired a warning shot with his shotgun toward the door, and Carreon ran away.

After responding to the scene, law enforcement arrested Carreon and conducted an unsuccessful search for the gun. The family later called law enforcement and informed them that they found the gun under a mattress in a guestroom. The State admitted into evidence photos of: damage to the front door of the house; bullet holes found on the ceiling of the house; brass shell casings found on the floor of the house; Mario's shotgun on the couch; and damage to the bedroom door from Mario's shotgun. The State separately admitted, without objection, photos of the gun as it appeared when found underneath the mattress, and a photo of the gun displayed with its detachable magazine and some brass bullets visible.

The State also introduced into evidence a .40 caliber gun with a ten-round magazine, seven unfired .40 caliber brass bullets, and three .40 caliber shell casings. Defense counsel objected to this evidence based on problems with the chain of custody, which was overruled by the trial court. The jury returned a guilty verdict, made an affirmative deadly-weapon finding, *see* TEX. CODE CRIM. PROC. ANN. art. 42.01(1)(21), and sentenced Carreon to twenty-eight years' imprisonment. The trial court also ordered Carreon to pay restitution in the amount of $4,200. This appeal followed.

## II.    ADMISSION OF THE GUN

In two issues, which we construe as one, Carreon argues that admission of the

gun, bullets, and shell casings into evidence was improper because the State failed to prove a proper chain of custody, and the gun was consequently admitted in violation of his Sixth Amendment right to confront the witnesses needed to establish said chain of custody. *See* U.S. CONST. amend. VI.

## A. Standard of Review & Applicable Law

"We review a trial court's decision whether to admit or exclude evidence for an abuse of discretion." *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024) (citing *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009)). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). Therefore, we will uphold a trial court's ruling on admissibility if it is within the "zone of reasonable disagreement." *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021) (quoting *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).

"The violation of an evidentiary rule that results in the erroneous admission of evidence constitutes non[-]constitutional error." *Tienda v. State*, 479 S.W.3d 863, 880 (Tex. App.—Eastland 2015, no pet.) (citing TEX. R. APP. P. 44.2(b)). "When an appellate court applies Rule 44.2(b), it must disregard non[-]constitutional error unless the error affects the appellant's substantial rights." *Id*. (citing *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011)). "For this review, we look to the entire record to determine whether the erroneously admitted evidence had anything more than a slight effect on the jury's verdict." *Traylor v. State*, 660 S.W.3d 214, 222 (Tex. App.—San Antonio 2022, no pet.). "In considering the likelihood that the error adversely affected the jury's verdict,

4

appellate courts should consider everything in the record, including the evidence admitted, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered with other evidence in the case." *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.) (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). "When the erroneous admission of evidence is cumulative of other properly admitted evidence proving the same fact, the erroneous admission is harmless." *Id*. (citations omitted).

As to evidentiary sufficiency, "[i]t is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018) (citations omitted). "Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction." *Id*.

The Court of Criminal Appeals has held that "[t]estimony using any of the terms 'gun,' 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used." *Wright v. State,* 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) (rejecting argument that evidence is sufficient only if the testifying witness uses the term "firearm" or otherwise proves the use of a "deadly weapon"). A complainant's or witness's testimony that the accused displayed a gun does not require corroboration by physical evidence or expert testimony. *Gomez v. State,* 685 S.W.2d 333, 336 (Tex. Crim. App. 1985); *see Price v. State*, 227 S.W.3d 264, 266 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd, untimely filed) (recognizing that testimony of use of a "gun" might be overinclusive and "may include such nonlethal instruments as BB guns, blow guns, pop

guns, and grease guns," and concluding that "absent any specific indication to the contrary at trial, the jury may draw the reasonable inference or make the reasonable deduction that the 'gun' used in the commission of a crime was a firearm").

## B.      Discussion

To prove Carreon guilty, the State was required to prove beyond a reasonable doubt that (1) Carreon, (2) without the effective consent of the owner, (3) intentionally and knowingly, (4) entered a habitation, (5) with intent to commit aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 30.02(a)(2).

Carreon argues that the State's evidence is insufficient "without the firearm being admitted into evidence." Carreon suggests that, although Carreon pointed a gun at Mario and fired a bullet into the ceiling when he had permission to be in the home, there is insufficient evidence that Carreon had the gun with him when he re-entered the home without consent. This argument is without merit. Carreon had just threatened Mario with a gun and fired a shot into the living room ceiling. Mario testified that, after re-entering the house without consent, Carreon "fire[d] two more shots in the kitchen through the ceiling." He affirmed that he "heard" the gunshots. When asked how he knew that Carreon had the gun when he re-entered the house, he responded: "There were two—two gunshots. There [are] two holes in my kitchen ceiling and one in my living room." The State admitted photos of the bullet holes in Mario's ceiling and brass casings on the floor. Photos of the gun found under the mattress, with brass bullets visible, were admitted without objection.

Even if we were to assume that the admission of the gun, bullets, and shell casings as real evidence was erroneous, Carreon cannot show harm because this evidence was cumulative of other properly admitted evidence sufficient to convict him. *See Eggert*, 395

6

S.W.3d at 244. Specifically, even if the trial court had excluded the complained-of real evidence, the properly admitted documentary and testimonial evidence was sufficient to have found that Carreon had the gun when he re-entered the house without consent, and there is nothing in the record to suggest otherwise. *See id.*; *see also Gaspar v. State*, No. 06-10-00051-CR, 2010 WL 4375868, at *4 (Tex. App.—Texarkana Nov. 5, 2010, no pet.) (mem. op., not designated for publication) (In this case, the evidence established that Gaspar entered the Jiminez residence without the owner's consent and assaulted Guzman with a screwdriver. In contrast, there was no evidence supporting an alternative fact scenario wherein Gaspar entered the Jiminez residence, but did not commit or attempt to commit aggravated assault with a deadly weapon."). Accordingly, we conclude that any error in admitting the complained-of evidence was harmless. *See Eggert*, 395 S.W.3d at 244; *Traylor*, 660 S.W.3d at 222. We overrule Carreon's first issue.[2]

### III.    RESTITUTION

By his second issue, Carreon argues that the trial court erred in ordering restitution not supported by sufficient evidence. Carreon failed to object to the restitution amount in the trial court. Carreon suggests that a sufficiency claim can be brought against a restitution order for the first time on appeal, citing *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The Court of Criminal Appeals recently refused to extend *Mayer* to restitution order sufficiency complaints, holding that "[c]hallenges to restitution orders must be raised in the trial court to preserve them for appellate review." *Garcia v. State*,

---

[2] Because we conclude than any error in admitting the complained-of evidence was harmless, we need not address whether the Confrontation Clause was violated by admission of such evidence. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 at n. 1 (2009) ("[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case.").

663 S.W.3d 92, 97 (Tex. Crim. App. 2022). Because Carreon did not object to the restitution order in the trial court, he failed to preserve his complaint. *See id.* We overrule Carreon's second issue.

## V. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of August, 2024.