

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-17-00533-CR

Richard **CRUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR8891
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  October 24, 2018

AFFIRMED

A jury convicted appellant Richard Cruz of possession of a controlled substance in an amount less than one gram, and the trial court sentenced Cruz to two years' confinement in a state jail facility, suspended, and assessed a $1,500.00 fine. In a single point of error, Cruz contends the trial court erred in denying his pretrial motion for continuance. We affirm the trial court's judgment.

**BACKGROUND**

A detailed rendition of the facts is unnecessary to our disposition of the appeal. Accordingly, we provide a brief background relative to Cruz's appellate complaint.

Cruz was arrested and charged with possession of a controlled substance in an amount less than one gram. After Cruz waived a reading of the indictment and pled not guilty, the trial court reviewed a motion for continuance filed by Cruz earlier that day. Although the motion for continuance was in writing, it was not sworn. In the motion, Cruz requested a two-week continuance, asserting he was suffering from the effects of a kidney stone. After noting it had reviewed the motion and the medical records attached thereto, the trial court denied the motion for continuance. However, prior to proceeding to trial, Cruz took the stand and testified under oath that: (1) he sought medical attention the previous day at a local hospital for a kidney stone; (2) he was still in a great deal of pain, rating his pain as a six on a scale of one to ten; (3) he believed the pain would inhibit his ability to keep up with trial testimony and assist his trial counsel; and (4) he believed his Sixth Amendment rights would be impaired if his motion for continuance was denied. Cruz's attorney reurged the request for a continuance, but the trial court reiterated its prior denial.

The matter proceeded to trial, and the jury found Cruz guilty. The trial court sentenced him to two years' confinement and assessed a fine of $1,500.00. However, the trial court suspended the confinement, placing Cruz on community supervision for two years. Thereafter, Cruz perfected this appeal.

**ANALYSIS**

In his sole point of error, Cruz contends the trial court erred in denying his motion for continuance, thereby denying him due process. According to Cruz, because he suffered from kidney stone pain he was unable to assist his trial counsel. The State counters that the issue was

not properly preserved, and that even if preserved, the trial court's denial of the motion did not constitute an abuse of discretion.

### *Standard of Review*

A trial court's ruling on a motion for continuance is reviewed for an abuse of discretion. *Rodriguez v. State*, 553 S.W.3d 733, 741 (Tex. App.—Amarillo 2018, no pet.) (citing *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007)); *Venegas v. State*, No. 04-16-00541-CR, 2018 WL 1934244, at *1 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (same). A trial court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *Heiselbetz v. State*, 906 S.W.2d 500, 517 (Tex. Crim. App. 1995) (en banc); *Rodriguez*, 553 S.W.3d at 741; *see generally, e.g., Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018); *Balderas v. State*, 517 S.W.3d 756, 778 (Tex. Crim. App. 2016)

### *Application*

#### 1. *Did Cruz Preserve His Complaint for Appellate Review?*

Before we address the substance of Cruz's complaint, we must first determine whether he preserved it for our review. With regard to continuances, the Texas Code of Criminal Procedure ("the Code") provides: "A criminal action may be continued on the *written* motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (emphasis added); *see Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009), *declined to follow on other grounds*, *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). However, article 29.08 of the Code further provides that "[a]ll motions for continuance *must be sworn to* by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (emphasis added); *see Anderson*, 301 S.W.3d at 279. As the Texas Court of Criminal Appeals explained in *Anderson*:

> We have construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance.

301 S.W.3d at 279; *accord Blackshear v. State*, 385 S.W.3d 589, 591 (refusing to "recognize a due process exception" to requirement that motion for continuance be written and sworn).

Here, it is undisputed that although Cruz filed a written motion for continuance, that motion was not sworn. Cruz, however, argues he has preserved his complaint for our review because he presented sworn testimony in support of the motion. Cruz contends that by presenting sworn testimony in support of his motion, he satisfied the statutory requirement that the motion be sworn and it matters not that the motion itself was not sworn to in writing. We disagree.

Article 29.08 specifically states the motion must be sworn to. TEX. CODE CRIM. PROC. ANN. art. 29.08. When interpreting this article, and article 29.03 which mandates the motion be in writing, the Texas Court of Criminal Appeals specifically held "a sworn written motion" is required for appellate preservation. *Anderson*, 301 S.W.3d at 279. Cruz has cited no authority, nor have we found any, that holds the mandate of article 29.08 is satisfied by the presentation of sworn testimony in support of the motion as opposed to an actual sworn motion. In fact it appears the law is to the contrary given the court's statement in *Anderson* that articles 29.03 and 29.08 mandate "a sworn written motion." In *Woodman v. State*, the Fourteenth Court of Appeals held a defendant's motion for continuance presented nothing for review when "no verification or affidavit" was attached to the written motion. 491 S.W.3d 424, 429 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Moreover, Cruz's sworn testimony came *after* the trial court ruled on the motion and was based on counsel's request to "get a few things on the record." Counsel never advised the trial court that it was presenting Cruz's testimony to counter the failure to present a sworn motion. In fact, counsel never mentioned the failure to present a sworn motion. After Cruz's testimony,

counsel merely argued Cruz was "allowed one motion for good cause." Thus, Cruz never gave the trial court an opportunity to determine whether sworn testimony was sufficient to comply with the mandate of article 29.08. Accordingly, we hold Cruz has not preserved for our review his complaint regarding the trial court's denial of his motion for continuance.

### 2. *Assuming the Complaint Was Preserved, Did the Trial Court Err?*

Even if we were to hold Cruz preserved his complaint for our review by testifying, we would hold the trial court did not abuse its discretion in denying the motion.

As pointed out by the State, the Texas Court of Criminal Appeals has held that when the basis for a motion for continuance is related to a defendant's health, appellate review is based solely on "the cold record." *Compton v. State*, 500 S.W.2d 131, 133 (Tex. Crim. App. 1973). When the appellate record "is devoid of any delay or requested delay during the trial court due to appellant's ailment," and appellant was well-represented at trial, it is not an abuse of discretion for the trial court to deny a motion for continuance. *Id.* at 132–33; *see Norwood v. State*, 486 S.W.2d 776, 780–81 (Tex. Crim. App. 1972) (holding trial court did not err in denying motion for continuance where doctor testified appellant's medical complaints could be managed on outpatient basis).

In *Compton*, the defendant complained at trial that he required a continuance because he was suffering from stomach and gall bladder issues. 500 S.W.2d at 132. He asserted that due to his medical condition, he was unable to assist counsel in trial preparation. *Id.* at 132–33. Noting the trial court "was in a far better position … to judge the appellant's physical and mental condition and his ability to stand trial and assist in his own defense," the court of criminal appeals reviewed the entire record and concluded it did not appear from the testimony that appellant was confused due to his medical condition, and the record lacked any evidence of further delay or requested

delay due to his condition. *Id.* at 133. The court concluded that although the trial court might have been justified in granting a continuance, there was no abuse of discretion in denying it. *Id.*

Here, the record establishes the case was actually called to trial on July 10, 2017. On that date, Cruz complained about suffering from kidney pain. As the trial court stated on the record, it "allowed Mr. Cruz to leave to go to the hospital to have that checked out." On July 11, 2017, the trial court reviewed the medical records generated as a result of Cruz's hospital visit. The records show, and the trial court noted, that Cruz was prescribed nothing more than Ibuprofen — an over-the-counter pain medication — and released. When Cruz testified in support of a continuance on July 11, 2017, it appears he had no trouble understanding or answering his counsel's questions. The trial court was able to observe Cruz with regard to his physical and mental well-being at the time of the ruling. Finally, a review of the entire record shows Cruz was ably represented by experienced counsel, and at no time during the actual trial did Cruz again request a continuance, ask for a break, or otherwise indicate that Cruz's condition was interfering with his ability to assist counsel during trial. Thus, based on our review of the record, we hold that even if Cruz has preserved his complaint for our review, we would hold the trial court did not abuse its discretion in denying the motion for continuance.

## CONCLUSION

Based on the foregoing, we hold Cruz failed to preserve his appellate complaint for our review. Even if he had, the trial court did not abuse its discretion in denying Cruz's motion for continuance. Accordingly, we overrule Cruz's complaint and affirm the trial court's judgment

Marialyn Barnard, Justice

Publish