

# NUMBER 13-18-00096-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KEVIN DANIEL CERRILLO,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant Kevin Daniel Cerrillo argues the trial court erred by denying his motions for continuance.   We affirm.

## I.    BACKGROUND

Cerrillo was indicted for two counts of assault family violence with a previous conviction, a third-degree felony.   *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).   After both Cerrillo and the State announced ready for trial on January 17, 2018, the State produced close to seventeen hours of jail calls involving Cerrillo.   Following the disclosure of the jail calls, Cerrillo's counsel filed a motion for continuance on January 23, 2018, requesting more time to listen and discuss the calls with Cerrillo, as well as gather information regarding a current investigation with the Department of Family and Protective Services (DFPS) involving the complainant.   The motion explained that the complainant had recanted her allegation multiple times, so Cerrillo's counsel required more time to review the calls for possible exculpatory evidence.   The trial court conducted a hearing on January 25, 2018, ordered the State to disclose which jail calls it intended to use at trial, and denied Cerrillo's motion.   The trial court also informed Cerrillo that he did not need to file an amended motion for continuance with a sworn verification, as its ruling would preserve his right to appeal.

The following day, Cerrillo's counsel filed a supplemental motion for continuance based upon "newly discovered evidence."   The motion claimed there was a "substantial amount of evidence that was favorable to [Cerillo] and necessary for trial" and based on the "lateness of its disclosure, Movant does not believe that there is adequate time to prepare and effectively utilize the jail call evidence at trial."   Cerrillo also alleged that the late disclosure of the phone calls could be considered a *Brady* violation.[1]   *See Brady v.*

---

[1]   Following Cerrillo's conviction, Cerrillo's counsel apologized to the prosecutor on the record for making a *Brady* violation accusation.   *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

*Maryland*, 373 U.S. 83, 87 (1963) (holding that the prosecution has a duty to disclose evidence favorable to a defendant if it is material to either guilt or punishment). The State filed a response to Cerrillo's motion for continuance. In its response, the State argued the jail calls did not constitute *Brady* material because the "evidence would be inadmissible at trial," contained "hearsay," and included Cerrillo's own statements, so he would have known of their existence. The State also discussed the fact that Cerrillo's counsel would have ample time by the start of trial to review the jail calls. The trial court denied the motion on January 26, 2018. Trial began on January 29, 2018.

During trial, Cerrillo and the State both had the opportunity to cross-examine the complainant in this case. The jury found Cerrillo guilty of both counts of assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). The trial court assessed punishment at ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division on both counts to run concurrently and a $10,000 fine on both counts. This appeal followed.

## II. MOTION FOR CONTINUANCE

By his sole issue, Cerrillo argues the trial court abused its discretion by denying his motions for continuance.

### A. Standard of Review

A trial court's ruling on a motion for continuance is reviewed for an abuse of discretion. *Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.); *see Rodriguez v. State*, 553 S.W.3d 733, 741 (Tex. App.—Amarillo 2018, no pet.) (citing *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007)). A trial court does not abuse

its discretion as long as its decision is within the zone of reasonable disagreement. *Cruz*, 565 S.W.3d at 381; *see Heiselbetz v. State*, 906 S.W.2d 500, 517 (Tex. Crim. App. 1995) (en banc). To find an abuse of discretion in refusing to grant a motion for continuance, there must be a showing that the defendant was prejudiced by his counsel's inadequate preparation time. *Heiselbetz*, 906 S.W.2d at 511. Where denial of a continuance has resulted in representation by counsel who was not prepared, the court of criminal appeals has "not hesitated to declare an abuse of discretion." *Id*.

### B. Applicable Law and Discussion

> Denial of [a pretrial motion for delay or continuance] will be found an abuse of discretion on appeal only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had. This showing can ordinarily be made only at a hearing on a motion for new trial, because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence, or witnesses the defense would have had available if the motion for delay had been granted.

*Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (quoting George Dix & Robert O. Dawson, *42 Texas Practice: Criminal Practice and Procedure* § 28.56 (2d ed. 2001), at 532–33)). In order to show reversible error predicated on the denial of a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Id*. at 843. Case-law requires more than just speculation to justify an appellate reversal of a case for the trial court's failure to grant a continuance. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006).

At both hearings, Cerrillo's counsel argued that the amount of time necessary to listen to and analyze the jail calls for use at trial would be significant. At the start of trial

4

the following week, Cerrillo's counsel re-urged his request for a continuance but the trial court denied it due to the fact that there were not any "distinguishing features" from what had been argued and denied the week before. The record provides that Cerrillo's counsel was able to effectively examine the complainant and allowed to question her regarding the pending DFPS case against her. Cerrillo was also able to effectively question her regarding inconsistent statements she made to law enforcement, as well as her motives behind the statements that she made to Cerrillo via letters or phone conversations.

Cerrillo did not file a motion for new trial alleging that the denial of the motion for continuance harmed him or prevented him from presenting specific information or evidence to the jury that would have benefitted his case. *See Gonzales*, 304 S.W.3d at 842; *see also* TEX. R. APP. P. 21.2. Although the State's disclosure of the jail calls was rather late,[2] we conclude it was with enough time for Cerrillo's counsel to present his case to the jury without being hindered. *See id.* Cerrillo has not shown the harm necessary to prove the trial court abused its discretion by denying the motions for continuance. *Id.* at 843. We hold the trial court did not abuse its discretion and overrule Cerrillo's sole issue.

---

[2] According to argument presented at the hearings, the State did disclose the jail calls the same day it received them from jail personnel, although Cerrillo's counsel did not request discovery under article 39.14 prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a). However, the State is required to disclose to the defendant "any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." *Id.* art. 39.14(h).

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
15th day of August, 2019.

6