

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00149-CR

Samantha Edrie **FOSTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CRW2011299
Honorable Lynn Ellison, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: July 31, 2023

AFFIRMED

Appellant Samantha Edrie Foster appeals her conviction for three first-degree felony counts of serious bodily injury to a child. On appeal, Foster asserts the trial court abused its discretion by denying her motion for continuance, admitting hearsay and extraneous offense evidence, and imposing consecutive sentences. We affirm the trial court's judgment.

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

**BACKGROUND**

Deputies from the Wilson County Sheriff's Office received a phone call to perform a welfare check on children living at a home in Stockdale, Texas. When the deputies arrived at the home, they found in Foster's care her twelve-year-old daughter and her three grandchildren—a four-year-old boy, a two-year-old boy, and a one-year-old girl. Deputies described the children as extremely disheveled, filthy, and malnourished; they also reported the young boys had bruises and feces on their faces and arms. When the deputies walked through the home, they indicated it had a foul smell and found it was unsanitary, full of trash, flies, rotten food, and feces; black water filled the bathroom tub, and it was unclear whether it worked. They also learned the boys had been urinating and defecating in their bedroom because they were kept in their room for extended periods of time. Foster told the deputies the home was messy because they were in the process of moving.

Foster was arrested and charged with three counts of serious bodily injury to a child caused by starvation and failure to provide for their basic needs. She initially pled not guilty, and the case proceeded to a jury trial. During the third day of trial, Foster changed her plea to guilty. The trial then moved to the punishment phase, and the jury assessed punishment at twenty-five years' confinement for two counts and ten years' confinement for the third count. The trial court ordered the twenty-five-year sentences to run concurrently, and the ten-year sentence to run consecutively. Foster now appeals.

**MOTION FOR CONTINUANCE**

Foster first asserts the trial court abused its discretion when it denied her request for a continuance. According to Foster, she had not been able to assist with her defense because she was ill and had recently been released from the hospital after having been admitted for a lung

infection and Covid-19. In response, the State contends Foster failed to preserve this issue for appeal because her written motion was not sworn.

"We review a trial court's ruling on a motion for continuance for abuse of discretion." *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.). Article 29.03 of the Texas Code of Criminal Procedure authorizes a trial court to continue a criminal action if a defendant files a written motion showing sufficient cause. TEX. CODE CRIM. PROC. art. 29.03. Article 29.08 further provides, "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id*. art. 29.08. The Texas Court of Criminal Appeals has "construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *see Cruz*, 565 S.W.3d at 381 (recognizing Texas Court of Criminal Appeals' holding that a motion for continuance must be sworn).

Here, Foster filed an unsworn, written motion for continuance the morning the case was called for trial. Accordingly, we hold Foster failed to preserve for appellate review her complaint regarding the trial court's denial of her motion for continuance. *See Cruz*, 565 S.W.3d at 381 (holding Cruz failed to preserve his issue concerning motion for continuance for appellate review because motion was not sworn); *Woodman v. State,* 491 S.W.3d 424, 429 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding appellant did not preserve any complaint arising out of denial of motion for continuance because motion was oral and not sworn). We therefore overrule Foster's first issue.

### ADMISSIBILITY OF EVIDENCE

Foster next asserts the trial court abused its discretion by admitting hearsay and extraneous offense evidence. Specifically, Foster contends the trial court improperly admitted an out-of-court

statement her twelve-year-old daughter made during an interview at the Child Advocacy Center detailing how long the boys would go without eating. Foster also contends the trial court improperly admitted extraneous offense evidence by allowing the children's current foster mother to testify about how she and her husband have been caring for the children. According to Foster, the improper evidence created bias, was highly prejudicial, and affected her substantial rights. The State argues, however, Foster waived these evidentiary challenges for appeal by pleading guilty in the middle of trial.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its ruling lies outside the zone of reasonable disagreement. *Id*. If a trial court's ruling is correct under any theory of applicable law and is reasonably supported by the record, it should be upheld. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

As indicated by the State, a defendant who enters a guilty plea forfeits his "right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Monreal v. State*, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000). However, the authority cited by the State does not support the proposition that a defendant who enters a guilty plea in the middle of trial waives his right to appeal evidentiary rulings admitting hearsay or extraneous evidence offenses; nor do we find any authority supporting the State's contention. *See Monreal*, 99 S.W.3d at 616 (holding defendant waived right to appeal when he signed non-negotiated waiver of appellate rights); *Young*, 8 S.W.3d at 666–67 (concluding defendant who entered guilty plea did not waive motion to suppress challenge because judgment of guilt was not independent of error); *Brink v. State*, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding defendant waived issues concerning removal of counsel when he entered guilty plea); *see also Flores v. State*, No.

03-19-00489-CR, 2020 WL 3887976, at \*2 n.1 (Tex. App.—Austin July 9, 2020, no pet.) (mem. op., not designated for publication) (declining to hold waiver of evidentiary challenges even though defendant changed plea from not guilty to guilty). Accordingly, we will address the merits of each of Foster's evidentiary challenges.

### 1. Hearsay

Texas Rule of Evidence 801 defines hearsay as an oral or written "statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). "Matter asserted" means "(1) any matter a declarant explicitly asserts; and (2) any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief about the matter." *Id*. 801(c). Under Texas Rule of Evidence 802, hearsay is inadmissible except as provided by statute or the rules of evidence. TEX. R. EVID. 802; *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Texas Rule of Evidence 613 allows the admission of a witness's prior inconsistent statement for impeachment purposes, but such statements are hearsay unless a hearsay exception applies. *Willover v. State*, 70 S.W.3d 841, 846 n.8 (Tex. Crim. App. 2002); *Lund v. State*, 366 S.W.3d 848, 855 (Tex. App.—Texarkana 2012, pet. ref'd) ("A witness'[s] prior inconsistent statement is admissible for impeachment, but as substantive evidence of the truth of the matter asserted, it is inadmissible unless a hearsay exception applies."). "Thus, when such a statement is offered for impeachment, it is admitted only to show the witness has previously made an inconsistent statement and, for that purpose, the evidence is not hearsay." *Lund*, 366 S.W.3d at 855. The party objecting to the evidence bears the full responsibility for requesting an appropriate limiting instruction, and on timely request, the trial court must restrict the evidence to its proper scope. *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) (pointing out party's failure

to request limiting instruction renders evidence admissible for all purposes); *see Lund*, 366 S.W.3d at 855; TEX. R. EVID. 105

Here, the record shows during the State's case-in-chief, the prosecutor asked Foster's twelve-year-old daughter how long the boys would go without eating, and she testified "like one or two" days. The prosecutor then asked whether there were times the boys would go "several days" without eating, and she testified, "Yeah, like three days or so." The prosecutor continued her line of questioning and asked whether she remembered telling the Child Advocacy Center interviewer the boys would sometimes go up to a week without eating. Defense counsel made a hearsay objection; the trial court overruled the objection on the basis the prosecutor was impeaching her own witness with a prior inconsistent statement, and the testimony was not evidence. Defense counsel then asked for a limiting instruction, which the trial court denied.

In this case, the trial court properly concluded the out-of-court statement could be admitted for impeachment purposes, and therefore, the statement was not hearsay when offered solely for that purpose. *See Lund*, 366 S.W.3d at 855. However, the record shows the trial court denied Foster's request for a limiting instruction, and there is nothing in the record indicating a hearsay exception applied to permit the admissibility of the statement for all purposes. *See* TEX. R. EVID. 105 (requiring limiting instruction when requested). We therefore conclude the trial court abused its discretion by not limiting the admissibility of the out-of-court statement for impeachment purposes and rather by admitting it for all purposes. *See id*.

The trial court's error, however, does not result in reversal if, after examination of the record as a whole, we determine the error did not influence the jury or influenced the jury only slightly. *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.). "When the erroneous admission of evidence is cumulative of other properly admitted evidence proving the same fact, the erroneous admission is harmless." *Id*. (citing *Brooks v. State*, 990 S.W.2d 278,

287 (Tex. Crim. App. 1999) (en banc)). Here, the State produced an overwhelming amount of evidence showing the children had been starved and were living in deplorable conditions under Foster's care. The State produced video evidence from the deputies' body cameras showing the children were filthy, bruised, severely underweight, and hungry. The video also showed the house was in an unsanitary, hazardous state. One of the deputies who had arrived at the home also testified the two-year-old boy looked "really sickly" and "you could actually see his ribs." He testified the child was unable to stand due to his frail state, and his skin had been "stretched because of the lack of food and protein." He also described the one-year-old as "emaciated" and "reminiscent of someone that was a survivor from the Holocaust." The State also produced photographs showing the children's malnourished bodies. And during other parts of her testimony, Foster's twelve-year-old daughter stated she was in charge of feeding the one-year-old girl, who had Noonan's syndrome and a feeding tube, and Foster did not feed the boys regularly. The State also produced evidence indicating the children needed emergency medical care because their bodies were breaking down due to starvation. Accordingly, viewing the record as a whole, we conclude the complained of out-of-court statement was cumulative of other properly admitted evidence proving the same fact. *See id.* We therefore hold the error was harmless had the jury ultimately determined guilt. *See id*.

### 2. Extraneous Offenses

Foster also contends the trial court improperly admitted extraneous offense evidence. Specifically, Foster contends the trial court abused its discretion by admitting evidence describing how the foster parents would comfort the children when they woke up screaming due to intense nightmares. Foster refers to this testimony as "extraneous offenses" and argues the testimony was "intended to create a bias and prejudice against [her]."

"An extraneous offense is 'any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument, and which was shown to have been committed by the accused.'" *Martinez v. State*, 190 S.W.3d 254, 262 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (quoting *Worley v. State*, 870 S.W.2d 620, 622 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)). In this case, the testimony Foster challenges does not constitute extraneous offense evidence. *See id.* This testimony specifically refers to the foster family's conduct when the children screamed after they had nightmares, not Foster's alleged acts of misconduct. Accordingly, the trial court did not abuse its discretion in admitting the evidence, and we overrule Foster's second evidentiary issue.

### SENTENCING

Finally, Foster argues the trial court abused its discretion when it sentenced her to consecutive sentences. Foster argues because each of her offenses arose out of the same criminal episode and were prosecuted in a single criminal action, the trial court was required to run her sentences concurrently under section 3.03 of the Texas Penal Code. The State responds by arguing the trial court had discretion to run her sentences consecutively pursuant to an exception to section 3.03.

We review a trial court's decision to impose consecutive sentences for an abuse of discretion. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016) (citing TEX. CODE CRIM. PROC. art. 42.08(a)). "A trial court abuses its discretion if it imposes consecutive sentences where the law requires concurrent sentences." *Id*.

Section 3.03 of the Texas Penal Code provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently." TEX. PENAL CODE § 3.03(a);

*see Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016). Subsection (b) lists circumstances in which the trial court may run sentences consecutively; one of these circumstances includes offenses for serious bodily injury to a child punishable as a first-degree felony under section 22.04(a)(1) of the Texas Penal Code. TEX. PENAL CODE § 3.03(a), (b)(6)(A); *Miles*, 506 S.W.3d at 486.

Here, Foster pled guilty to three counts of the first-degree felony offense of serious bodily injury to a child. The jury assessed punishment at twenty-five years' confinement for two counts and ten years' confinement for the third count. The record shows the prosecutor asked the trial court to run the sentences consecutively, and defense counsel then recognized the trial court had this authority and asked the trial court to run the first two counts concurrently and the third count consecutively. The trial court ultimately ordered the twenty-five-year sentences to run concurrently and the ten-year sentence to run consecutively. Accordingly, because Foster pled guilty to three counts of the first-degree felony offense of serious bodily injury to a child, the exception to the requirement to run the sentences concurrently was invoked. *See Byrd*, 499 S.W.3d at 446; *see also* TEX. PENAL CODE § 3.03(a), (b)(6)(A). We therefore hold the trial court did not abuse its discretion in running her ten-year sentence consecutively. *See Byrd*, 499 S.W.3d at 446; *see also* TEX. PENAL CODE § 3.03(a), (b)(6)(A). Accordingly, we overrule Foster's final issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment of conviction.

Luz Elena D. Chapa, Justice

Do Not Publish