

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00674-CR

Ronald **GUILLORY**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 687328
Honorable Brenda Chapman, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 26, 2024

AFFIRMED

Ronald Guillory, Jr. appeals his conviction for evading detention. In a single issue, Guillory asserts he was denied a meaningful right to self-representation when the trial court denied his request for a continuance prior to voir dire. We affirm the trial court's judgment.

### BACKGROUND

On June 20, 2022, San Antonio Police Officer Rafael Medel stopped Guillory for panhandling. Guillory gave the officer a false name and date of birth. While Officer Medel was running the information in the police department's system, Guillory rode away on his bicycle. A

different officer apprehended Guillory shortly thereafter. Guillory was subsequently charged by information with evading arrest or detention by a peace officer. TEX. PENAL CODE ANN. § 38.04.

On the morning of trial on September 13, 2022, Guillory expressed his dissatisfaction with appointed counsel and stated his desire to represent himself. The trial court conducted a *Faretta* inquiry to determine whether Guillory was competent to represent himself, understood the nature of the charged offense and punishment range, and understood the risks and consequences of waiving his right to counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding a defendant who chooses to represent himself must be made aware of the dangers and disadvantages). The trial court confirmed Guillory understood his right to remain silent, cross-examine and call his own witnesses, object to evidence and file motions, and do "anything else that an attorney would be doing on [Guillory's] behalf." Guillory replied "I've got this," stating he was "familiar . . . on what we will be looking at as far as going into trial" and he was "full[y] aware of what [he was] giving up." The trial court also informed Guillory if he proceeded pro se he would not receive special treatment but would be "charged with the same knowledge of the law and the rules of evidence and procedure as any attorney who has passed the bar . . . ." Having determined Guillory's waiver of his right to counsel was made knowingly, intelligently, and voluntarily, the trial court ruled he was competent to waive counsel and represent himself. Guillory also signed a waiver of his right to counsel. Appointed counsel was instructed to remain as standby counsel to assist Guillory during the trial.

At the end of the *Faretta* admonishments, Guillory orally moved for a continuance and requested time to review the discovery materials and prepare a defense. Guillory also stated he wanted to file some motions and investigate potential witnesses. The trial court indicated its desire to proceed with jury selection since there was a venire panel waiting. The State stated it planned

to call Officer Medel as its sole witness and would offer an approximately five-minute bodycam video of the detention into evidence.

After determining Guillory had not previously seen the discovery materials, the trial court asked whether he wanted to view the bodycam video before jury selection began. Guillory twice responded that he did not want to watch the video, stating, "I know I was in the video so I know quite clearly . . . where I will be heading [in] this particular case," and "I can handle that . . . right when the State decides that they want to play that." The trial court decided the best course was to select the jury that day, a Tuesday, and then recess until Thursday morning. The trial court reasoned this would give Guillory the remainder of the day and a full day Wednesday to review the State's evidence and prepare any motions before the State's case in chief commenced. The State did not object, and Guillory also agreed.

Later, Guillory changed his mind stating he "had been thinking" and would rather proceed to trial that same day after jury selection. He explained he was eager to start the trial and get it resolved, and his review of the discovery packet would not take long. When the trial court asked whether he still wanted time to prepare and file motions, Guillory replied he did not and preferred to proceed with trial that day. The prosecutor explained the discovery packet did not contain the entire State's file and suggested Guillory should have an opportunity to review the entire case file before proceeding to trial. Despite Guillory's statements that he did not need to review the State's file before its case in chief commenced, the trial court ultimately agreed with the State and ruled opening statements would commence on Thursday. The trial court released the venire panel to go to lunch, allowing Guillory time to prepare for voir dire. When the venire panel returned, Guillory and the State conducted jury selection, and a jury was impaneled and told to return Thursday morning. Guillory was allowed to stay in the courtroom for the rest of the afternoon to review the State's file.

At trial, the State presented the testimony of Officer Medel, and the trial court admitted the bodycam video into evidence. Guillory testified in his own defense. The jury found Guillory guilty of evading detention as charged in the information. The trial court sentenced Guillory to 87 days' confinement in the Bexar County Jail and determined that his credit for time served awaiting trial satisfied the judgment. Guillory appeals.

## ANALYSIS

In a single issue, Guillory argues the trial court's ruling "forcing [him] to conduct voir dire without a prior opportunity to obtain and review the discovery, conduct a meaningful investigation into the underlying facts of the case, or to file written pretrial motions . . . deprived [him] of any meaningful right to self-representation at that phase." He contends the trial court's refusal to delay jury selection amounted to structural error requiring no harm analysis. *See Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017) (holding violation of defendant's right to conduct his own defense is structural error not subject to harm analysis); *see also Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005).

A defendant's right to conduct his own defense "is based on the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty." *Weaver*, 582 U.S. at 295. A defendant must be made aware of the dangers and disadvantages of self-representation so that his choice is made "with eyes open[,]" but he need not possess the skill and experience of a lawyer to competently and intelligently choose to represent himself. *Faretta*, 422 U.S. at 835; *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). A defendant who chooses to represent himself is held to the same standards as a licensed attorney and is subject to the same technical rules of evidence and procedure; he does not receive any special consideration solely because he asserted his pro se rights. *Osorio-Lopez v. State*, 663 S.W.3d 750, 757 (Tex. Crim. App. 2022). Guillory was so admonished.

Guillory contends the trial court's denial of his request to delay jury selection was contrary to the *Faretta* admonishment that he would be treated like a lawyer. Specifically, he argues his request for a continuance was the "precise kind[] of reasonable request[] any diligent attorney would be expected to make . . . ." Guillory asserts that because he received "disparate treatment . . . compared with any similarly situated attorney," the *Faretta* admonishment he received was undermined and thus not properly administered. *See Williams v. State*, 252 S.W.3d 353, 357 (Tex. Crim. App. 2008) (holding failure to properly administer *Faretta* warnings is structural error). We disagree Guillory received disparate treatment compared to a similarly situated attorney. The record shows the trial court was amenable to Guillory's requests to review evidence and prepare his defense.

Guillory initially requested a continuance before voir dire began. The basis for his continuance was the need for additional time to prepare his defense—including review of the State's evidence, investigating a potential witness, and filing motions. The trial court informed Guillory that "[t]he sole purpose of voir dire is to question the panel with regard to whether or not they can be fair jurors in this case, but we are not going into the evidence during voir dire."

Nevertheless, Guillory twice declined the trial court's offer of an opportunity to review the State's bodycam video before jury selection began. After some discussion, the trial court denied Guillory's motion in part by declining to delay jury selection because a venire panel was already waiting. The trial court however granted the continuance in part by postponing opening statements by a full day for the express purpose of giving Guillory time to review the State's evidence and file motions. Guillory lodged no objection but instead agreed to the revised schedule. The trial court then dismissed the jury early for lunch so that Guillory would have time to prepare questions for voir dire.

After the trial court ruled, Guillory changed his mind and withdrew his request for a continuance. Guillory explained that, after thinking about it, his review of the State's evidence would not take long, and he did not want to file any motions, but rather preferred to proceed with the trial that day. Considering Guillory withdrew his motion for continuance and expressed his desire to proceed with trial, we cannot say the trial court treated Guillory any differently than it would have treated an attorney under the same circumstances. *See, e.g.*, *Armstrong v. State*, No. AP-75,706, 2010 WL 359020, at *4–5 (Tex. Crim. App. Jan. 27, 2010) (not designated for publication) (stating trial court properly proceeded to trial when defense counsel withdrew motion to continue). Further, Guillory's withdrawal of his motion to continue waived review of any potential error. *See id.*; *Lujan v. State*, 626 S.W.2d 854, 862 (Tex. App.—San Antonio 1981, pet. ref'd) (holding defense counsel's announcement of ready after filing motion for continuance waived any claim of error).

In addition, a motion for continuance, whether filed by an attorney or pro se defendant, must be written and sworn to preserve error on appeal. TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08; *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009), *declined to follow on other grounds*, *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). "Thus, if a party makes an unsworn oral motion for continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson*, 301 S.W.3d at 279; *see also Cruz v. State*, 565 S.W.3d 379, 381–82 (Tex. App.—San Antonio 2018, no pet.). Here, Guillory's motion for continuance was oral and unsworn, and thus, he failed to preserve the issue for appellate review.

We conclude Guillory was not deprived of a meaningful right to self-representation by the trial court's refusal to postpone jury selection, especially after he withdrew his oral motion for continuance. Guillory was properly held to the same standards as an attorney per the *Faretta*

admonishment and waived appellate review of any potential error when he made only an oral, unsworn motion for continuance and then withdrew his motion altogether prior to voir dire.

Accordingly, Guillory's sole issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH