**Opinion filed July 24, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00302-CR

_____

## MANUEL CASAREZ III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 22-9050**

## M E M O R A N D U M   O P I N I O N

On November 7, 2023, Appellant, Manuel Casarez III, pled guilty to the state jail felony offense of possession of methamphetamine in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2024). Pursuant to the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for a period of three years. On June 7, 2024, the State filed an amended application to adjudicate Appellant's

guilt based on violations of certain terms and conditions of his community supervision. Counsel was appointed for Appellant on July 24, 2024. On October 23, 2024, the trial court held a hearing on the State's amended application, following which, the trial court found the evidence sufficient to support the State's allegations. The trial court found Appellant guilty of the underlying offense, revoked his community supervision, and assessed his punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice (TDCJ).

In a single issue on appeal, Appellant contends that the trial court erred by failing to sua sponte postpone the hearing on the amended motion to adjudicate so that Appellant could be represented by retained counsel that he purportedly hired on the morning of the hearing. We affirm.

*Factual and Procedural History*

Appellant was charged by indictment with the third-degree felony offense of possession of methamphetamine in an amount of one gram or more but less than four grams. HEALTH & SAFETY § 481.115(c). Appellant pled guilty to the lesser offense of possession of methamphetamine in an amount of less than one gram, a state jail felony. *Id.* § 481.115(b).

At the hearing on the State's amended application to adjudicate, Appellant's court-appointed attorney announced that he was present and ready, but that Appellant told him that he had hired another attorney. The trial court confirmed with the clerk's office that there was no letter of representation or entry of appearance on file from the attorney that Appellant had allegedly retained. When the trial court asked Appellant whether he "claim[ed] that [he] hired [the new attorney]," Appellant responded that he had talked to him "[t]his morning" and that he had "paid him out because [he] didn't have money till [sic] this morning, and then we hired him." In response to direct questioning from the trial court, Appellant clarified that he had called the new attorney at his office in Lubbock and talked to him on the

2

phone at about 8:30 a.m. on the morning of the hearing, which was scheduled for 9:00 a.m. Appellant further indicated that the new attorney "said for [his court-appointed attorney] to send him a letter" and that "he's going to send y'all a letter back today--on hiring him." On appeal, Appellant concedes that no motion for continuance was filed. There was also no oral request for a continuance. The trial court proceeded with the hearing.

The State presented a single witness at the hearing, Julie Miller with the 106th Judicial District Community Supervision and Corrections Department. Miller identified Appellant and testified to Appellant's violations of the terms and conditions of his community supervision. Significantly, Appellant admitted to Miller that he had used methamphetamine on January 31, 2024. Appellant tested positive for methamphetamines and amphetamines on February 9, 2024. On February 19, 2024, at 12:19 a.m., Appellant was in the company of a known felon. Appellant failed to report to Miller for the months of March and May 2024. Miller testified that, as of the date the violation report was filed, Appellant was $322 delinquent in his probation fees, and he was $290 delinquent in his court costs. Appellant also failed to pay a $15 time payment fee, $180 for the lab fee, and $50 for the crime victim fee.

Miller further testified that Appellant failed to attend and successfully complete his drug awareness class and had yet to perform any community service. While on supervision, Appellant was arrested for driving with a suspended license and possession of marihuana, and, on another occasion, was arrested for possession of methamphetamine.

Appellant was also indicted for obstruction and retaliation when he was pulled over at 1:21 a.m. on July 26, 2024. The fact that he was driving after 11:00 p.m. was a violation of his court ordered curfews. Further, during the stop, he directed comments of violence against, and racial epithets at, two police officers.

After the State rested, Appellant took the stand in his own defense. Appellant admitted that he had not performed any community service hours. Appellant confirmed that, on February 2, 2024, he had admitted to Miller his use of methamphetamine. He further admitted that he failed to report to Miller as required.

The trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's amended application, found him guilty of the offense, revoked his community supervision, and sentenced him to two years' confinement in the State Jail Division of TDCJ. Appellant did not file a motion for new trial.

*Denial of a Motion for Continuance*

*Preservation*

In Appellant's sole issue, he argues that the trial court abused its discretion by denying him a continuance so that his newly hired trial counsel could represent him at the hearing. However, Appellant did not file a written motion, much less one that was sworn to by a person with personal knowledge, satisfying all statutory requirements." *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (West 2006). Appellant also did not make an oral motion for continuance. Even if we assumed that such an oral motion was made, however, that preserves nothing for our review; Appellant has forfeited his challenge to the trial court's denial of a continuance. *See Anderson v. State*, 301 S.W.3d 276, 280–81 (Tex. Crim. App. 2009).

Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure set out the requirements for a motion for a continuance. Article 29.03 provides that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown . . . which cause shall be fully set forth in the motion." CRIM. PROC. art. 29.03. Article 29.08 provides that "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08.

4

The Texas Court of Criminal Appeals has been consistent in its construction of these statutes, finding that they require a sworn, written motion to preserve the issue for appellate review when a trial court has denied a motion for a continuance. *See Anderson*, 301 S.W.3d at 279; *see also Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); *Montoya v. State*, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989); *Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984). A complaint of the denial of an unsworn oral motion for a continuance is not preserved and the party forfeits the right to complain on appeal. *Anderson*, 301 S.W.3d at 279. Consequently, in failing to comply with procedural requirements of Articles 29.03 and 29.08, we conclude that Appellant forfeited his appellate challenge to the trial court's denial of any alleged unsworn oral continuance motion.

*Standard of Review*

Nevertheless, even if Appellant had preserved this issue for our review, we conclude that the trial court did not abuse its discretion when it proceeded with the hearing. We review the trial court's denial of a motion for continuance under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (The denial of a continuance resulting in an appellant claiming a deprivation of his counsel of choice is reviewed for abuse of discretion.); *accord Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.). Under this standard, as long as its decision is within the zone of reasonable disagreement, we will not disturb the trial court's ruling. *Cruz*, 565 S.W.3d at 381. To establish that a trial court committed reversible error in denying a motion for continuance, an appellant must show that the trial court erred and must show specific prejudice to his case by the court's

5

decision. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995).

*Analysis*

Implicit in Appellant's argument is that the right to counsel of one's choice is absolute. However, under some circumstances, and as presented here, the right to counsel of choice is subject to the trial court's interest in the prompt and efficient administration of justice. *Rosales*, 841 S.W.2d at 374.

In *Rosales*, a motion for continuance was made multiple times. *See id.* at 372. Here, Appellant made no such request. Nevertheless, if we assumed here that a proper motion for continuance was before the trial court, then we would identify the relevant facts to determine whether the trial court abused its discretion in denying same. The Texas Court of Criminal Appeals set out "some of the considerations that should inform a trial court's decision whether to grant a continuance on account of the absence of counsel of defendant's choice." *Id.* at 374. The factors include, but are not limited to:

> (1) the length of delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether the denial of the motion resulted in some identifiable harm to the defendant, (9) the quality of legal representation actually provided.

*Id.* (quoting *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982)). There are no universal tests that are applicable, rather, we consider the circumstances present in each case, "particularly the reasons presented to the trial judge at the time the request is denied." *Id.* (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

Considering these factors, under the circumstances made known to the trial court when it ruled, it was not an abuse of discretion to conclude that a continuance was not a reasonable alternative. Appellant's court-appointed counsel was present and prepared to proceed with the hearing. Appellant stated that he had, only moments before the hearing, contacted alternative counsel by phone but he could not assure the trial court, by a filing or otherwise, that the new counsel had indeed taken the case or was merely considering representing Appellant. Prior to proceeding with the hearing, the trial court indicated that "this case has been delayed too many times." Appellant did not ask for any specific length of time for a continuance, nor did he specify the amount of time that new counsel may have requested or needed to prepare, which resulted in giving the trial court no sense of how long the case would be delayed.

At the time the trial court ruled, court-appointed counsel had announced ready, and he was adequately prepared to proceed with the hearing. The case was not complex. It was a routine hearing on the State's amended application to adjudicate. Appellant had pled guilty to the original offense, Appellant had admitted to certain violations of his community supervision to Miller, in the use of methamphetamine, and Appellant tested positive for that substance. He was found in the presence of a known felon, and he had failed to consistently report to Miller, as required. Appellant did not specify at the time of the hearing, nor here on appeal, any harm resulting from his court-appointed attorney's actual representation during the hearing nor, in any way, that the quality of legal representation actually provided by that attorney was lacking. Appellant offered no evidence to justify imposing the "inconvenience [on] the witnesses, the opposing counsel, and the trial court" that a continuance would cause. *See Rosales*, 841 S.W.2d at 374 (quoting *Windham*, 634 S.W.2d at 720).

Under an abuse of discretion standard, it is not the role of an appellate court "to reweigh the factors, but to determine whether the trial court could reasonably have balanced them and concluded that the fair and efficient administration of justice weighed more heavily than appellant's right to counsel of his choice." *Id.* at 375.

It is well settled that "[a]n accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). Here, Appellant's request to retain counsel to replace his court-appointed attorney was made on the day of the hearing and after the case was called. Appellant talked to and allegedly hired an attorney the morning of the hearing. Said attorney did not appear or file a notice of appearance or a proper written and sworn to motion for continuance; thus, it does not appear from Appellant's responses to the trial court's direct questions that the attorney ever intended to appear at this scheduled hearing. Rather, some further arrangement may have been intended, based on Appellant's statement that the attorney "said for . . . [his court-appointed attorney] to send him a letter" and that "he's going to send y'all a letter back today -- on hiring him."

Regardless, Appellant has failed to detail exactly *how* he was harmed by the trial court's "denial" of his alleged motion for continuance.[1] *See Gonzales*, 304 S.W.3d at 843; *Heiselbetz*, 906 S.W.2d at 511–12; *Rosales*, 841 S.W.2d at 374–75. Appellant had court appointed counsel present who was prepared to go forward in the defense of Appellant. Further, Appellant failed to show what mitigation evidence he would have otherwise presented to the trial court through his newly engaged attorney that would have, within reasonable probability, changed the

---

[1]Appellant does not argue or imply a "due process" exception to the rule of procedural default. In any event, no such exception exists. *Anderson*, 302 S.W.3d at 280–81; *see Blackshear*, 385 S.W.3d at 591 ("In *Anderson v. State*, we explicitly refused to recognize a due process exception to the rule requiring motions for continuances to be written and sworn in order to be preserved on appeal."). Unless properly preserved, a defendant's due process rights may be forfeited for purposes of appellate review. *Anderson*, 302 S.W.3d at 280.

outcome of the hearing and ultimately his sentence. *See Gonzales*, 304 S.W.3d at 842–43. Under the circumstances presented here, we hold that the trial court did not abuse its discretion in failing to grant Appellant's alleged request for a continuance. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


July 24, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.