

# NUMBER 13-24-00142-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO TAYLOR JR. A/K/A
FRANCISCO GOMEZ TAYLOR
JR., A/K/A FRANCISCO GOMEZ
TAYLOR A/K/A FRANK
TAYLOR GOMEZ JR.,                                        Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

## ON APPEAL FROM THE 404TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña**

Appellant Francisco Taylor Jr., a/k/a Francisco Gomez Taylor Jr., a/k/a Francsico

Gomez Taylor, a/k/a Frank Taylor Gomez Jr. (Taylor), appeals his conviction for

aggravated assault with a deadly weapon, a second-degree felony, for which the trial court sentenced him to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). By one issue, Taylor argues that the trial court erred when it permitted the State to amend its indictment without granting him a ten-day continuance pursuant to Article 28.10 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10. We affirm.

## I.  BACKGROUND

On September 15, 2021, a Cameron County grand jury indicted Taylor with one count of aggravated assault with a deadly weapon (Count 1), and one count of assault causing bodily injury against a family member, enhanced by a prior conviction for family violence (Count 2). Count 1 of the indictment alleged that on February 8, 2021, Taylor caused bodily injury to Jane by "hitting [her] in the face with a brick, and [Taylor] did then and there use or exhibit a deadly weapon, [namely]: a brick, during the commission of the assault." Count 2 alleged that on that same date, Taylor, with whom Jane had a dating relationship, "punch[ed] [her] in the face," and had been previously convicted of family violence in Cameron County in 2006. The indictment contained two enhancement paragraphs, alleging a prior felony conviction for burglary of habitation and assault involving family violence.

On November 8, 2022, the State filed a motion to amend the indictment, with a jury trial set to begin on November 14, 2022. On November 14, 2022, the trial court took up pre-trial matters before bringing in the jurors to begin voir dire, including the State's motion to amend the indictment. The State explained to the trial court the need to amend the indictment because it was not clear that the weapon used was a brick, as opposed to a

bat or some other unknown object. Trial counsel objected to the amendment, arguing that the trial court must wait ten days to begin trial pursuant to Article 28.10 of the Texas Code of Criminal Procedure. The State then suggested to the trial court that the trial be reset for Wednesday November 16, 2025, so that Taylor could have the ten days. Trial counsel agreed to continue the trial until November 16, 2025.

On November 16, 2025, with the jurors again ready to begin voir dire, trial counsel renewed her objection to the start of trial, noting that the State's calculation of the tenth day on which to start trial was incorrect, and that the tenth day would be Friday November 18, 2025. The trial court denied the motion, stating that it was "deny[ing] that motion based on the fact that you stated on the record you were fine with starting jury selection on the Wednesday, which is today." At the close of evidence, a jury found Taylor guilty on both counts. Prior to sentencing, the State voluntarily dismissed Count 2, and the trial court sentenced Taylor to twenty years' imprisonment on Count 1, with an affirmative deadly-weapon finding. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.). No abuse of discretion occurs if the trial court's ruling is within the zone of reasonable disagreement. *See id.*; *see also Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (noting that an abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree" (citation omitted)).

A defendant must show that he was prejudiced by the trial court's denial of his

motion for continuance to prevail on appeal. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). To establish an abuse of discretion, an appellant must show that the trial court erred in denying the motion for continuance and that the denial actually and specifically prejudiced appellant's defense. *See Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010). That a party "merely desired more time to prepare does not alone establish an abuse of discretion." *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam).

"Article 28.10 of the Code of Criminal Procedure provides the guidelines for when an indictment can be amended." *James v. State*, 425 S.W.3d 492, 499 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd). Specifically, an indictment may be amended at any time before the date of trial on the merits commences as to a matter of form or substance. TEX. CODE CRIM. PROC. ANN. art. 28.10(a). "On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information." *Id*.

### III.   DISCUSSION

Here, the trial court and the State both agreed to continue the trial at Taylor's request. Taylor now complains that the trial court erred when it began trial on this agreed-upon trial date because of the State's miscalculation. First, we note that Taylor invited this error, and under the doctrine of invited error, a party is "estopped from seeking appellate relief based on error it induced." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) ("The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc))).

4

Regardless, at a more fundamental level, trial counsel's agreement to start trial eight days after the State moved to amend the indictment defeats Taylor's claim because that agreement removes his claim from the scope of Article 28.10's mandatory clause. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(a). The statute provides as follows: "On the request of the defendant, the court shall allow the defendant not less than 10 days, *or a shorter period if requested by the defendant*, to respond to the amended indictment or information." *Id*. (emphasis added). Because trial counsel agreed to begin trial eight days after the filing of the amended indictment, the trial court did not abuse its discretion in denying Taylor's motion for continuance under Article 28.10. *See Cruz*, 565 S.W.3d at 381. We overrule Taylor's sole issue.

## IV. CONCLUSION

For all the above reasons, we affirm the judgment of the trial court.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of August, 2025.